IN THE CIRCUIT COURT OF FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

PATSY WOOD, individually, as Administratrix
of the Estate of PATRICIA BRIDGEMAN
PEOPLES, deceased, Natural Daughter and
Wrongful Death Beneficiary
of PATRICIA BRIDGEMAN PEOPLES;
SANDRA KAY MADISON, Natural Daughter
and Wrongful Death Beneficiary
of PATRICIA BRIDGEMAN PEOPLES;
and SAMUEL PEOPLES, Natural Son
and Wrongful Death Beneficiary
of PATRICIA BRIDGEMAN PEOPLES

**F I L E D**

AUG 30 2013

BARBARA DUNN, CIRCUIT CLERK

BY _____ D.C.

PLAINTIFFS

V.

NO. 25V-13-807CIV

LAKELAND NURSING AND
REHABILITATION CENTER, LLC;
BRITTANY SPANN, L.P.N.;
MARY MCGOWAN, L.P.N.;
A. MOORE, L.P.N;
and DEFENDANTS A THROUGH Z

DEFENDANT

COMPLAINT
Jury Trial Requested

Plaintiffs, by and through their attorney of record, file this their causes of action against

the Defendants and allege the following:

PARTIES

1.    Plaintiff, Patsy Wood, appears in this case as a Plaintiff (individually, as

Administratrix of the Estate of Patricia Bridgeman Peoples, deceased, as the natural daughter of

Patricia Bridgeman Peoples, deceased and as wrongful death beneficiary of Patricia Bridgeman

Peoples).  Patsy Wood is an adult resident citizen of Rankin County, Mississippi whose residence

address is 753 Clearmont Dr., Pearl, MS 39208.

EXHIBIT A

2.    Plaintiff, Sandra Kay Madison, appears in this case as a Plaintiff, (individually, as the natural daughter of Patricia Bridgeman Peoples, deceased and as wrongful death beneficiary of Patricia Bridgeman Peoples).  Sandra Kay Madison is an adult resident citizen of Alabama whose residence address is 931 Patton Rd., Oneonta, AL 35121.

3.    Plaintiff, Samuel Peoples, appears in this case as a Plaintiff, (individually, as the natural son of Patricia Bridgeman Peoples, deceased and as wrongful death beneficiary of Patricia Bridgeman Peoples).  Samuel Peoples is an adult resident citizen of Alabama whose residence address is 310 County Rd. 385, Killen, AL 35645.

4.    Defendant, Lakeland Nursing and Rehabilitation Center, LLC, is a limited liability corporation which is organized and existing under and by virtue of the laws of the State of Mississippi.  Lakeland Nursing and Rehabilitation Center is doing business in Mississippi and has appointed United Corporate Services, Inc. as its registered agent for service of process. Lakeland Nursing and Rehabilitation Center has its principal place of business located at 401 East Capitol 100-M Heritage Building, Jackson, Mississippi in the First Judicial District of Hinds County, Mississippi and may be served with process of this Court by serving United Corporate Services, Inc., at its address of 401 East Capitol 100-M Heritage Building, Jackson, MS 39201.

5.    Defendant, Brittany Spann, L.P.N., is an adult resident citizen of the First Judicial District of Hinds County, Mississippi and may be served with process of this Court at her residence or business address.

6.    Defendant, Mary McGowan, L.P.N., is an adult resident citizen of Hinds County, Mississippi and may be served with process of this Court at her employment address of Lakeland Nursing and Rehabilitation Center, LLC, 3680 Lakeland Ln., Jackson, MS 39216.

2

7.      Defendant, A. Moore, L.P.N., is an adult resident citizen of the First Judicial District of Hinds County, Mississippi and may be served with process of this Court at her residence or business address.

8.      The identities of Defendants A through Z are unknown at this time but Defendants A through Z are believed to be entities and/or adult resident citizens of the First Judicial District of Hinds County, Mississippi; resident citizens of Rankin County, Mississippi; and resident citizens of Madison County, Mississippi. Defendants A through Z are unknown at this time and their liabilities to the Plaintiffs' decedent and to the Plaintiffs are unknown at this time. Plaintiffs intend to amend and add Defendants A through Z as Defendants in this case once their liabilities and responsibilities to the Plaintiffs' decedent and Plaintiffs are ascertained and once their identities are known to the Plaintiffs.

9.      At all relevant times Defendants were acting in concert with each other and as such were and are the agents for each other and liable for each others actions, conduct, errors and omissions pursuant to the laws of Master/Servant, Principal/Agent, Employer/Employee, and respondeat superior. Defendants were acting in the furtherance of each others' business or interests and as such are responsible and liable for each others' actions, conduct and/or omissions.

COUNT I

10.     Plaintiffs adopt by reference and reallege each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

11.     On the evening of September 12, 2011, Patricia Bridgeman Peoples, age 77, was left unattended and fell, causing a large contusion to her head and brain. The concussion, contusion and brain injury ultimately caused the death of Patricia Bridgeman Peoples.

3

12.     Patsy Wood, the natural daughter of Patricia Bridgeman Peoples, was visiting her mother at Lakeland Nursing and Rehabilitation Center and was present at Lakeland Nursing and Rehabilitation Center on the evening of September 12, 2011.  On September 12, 2011, Mrs. Wood was concerned that Lakeland Nursing and Rehabilitation Center, LLC; Brittany Spann, L.P.N.; Mary McGowan, L.P.N.; A. Moore, L.P.N., and other Lakeland Nursing and Rehabilitation Center's officers, representatives, employees, co-partners, LLC members, nurses, staff members, directors, attendants, agents, and physicians (hereinafter collectively referred to as "Lakeland") were not providing proper care to Patricia Bridgeman Peoples.  Further, Lakeland failed to abide by standard nursing home procedures by leaving Patricia Bridgeman Peoples unattended later that evening.  On September 12, 2011, Mrs. Wood observed that her mother was ignored by Lakeland and she alerted Lakeland that Patricia Bridgeman Peoples had serious health problems (including but not limited to dementia and other disabling medical conditions) which made it absolutely necessary that Patricia Bridgeman Peoples have a viligent attendant present at all times.

13.     Lakeland undertook to accept Plaintiffs' decedent, Patricia Bridgeman Peoples as a nursing home patient; to examine her; to provide constant care for Patricia Bridgeman Peoples; to watch and observe Patricia Bridgeman Peoples at all times; her treatment and to provide Patricia Bridgeman Peoples with constant care and attention.  Defendants had a duty to care for Patricia Bridgeman Peoples in a safe and proper manner; had a duty to watch Patricia Bridgeman Peoples at all times and had a duty not to allow Patricia Bridgeman Peoples to fall out of her chair.  Lakeland committed negligent acts or omissions in failing to properly care for, observe, monitor and treat Patricia Bridgeman Peoples, deceased, and the Defendants' negligence caused

or allowed Patricia Bridgeman Peoples to fall out of her chair causing her to sustain a large contusion to her head and caused brain damage which ultimately caused Patricia Bridgeman Peoples' death.

14.      Patricia Bridgeman Peoples, deceased, while in the care of the Defendants, fell and sustained a large and serious contusion to her head and brain. The fall, the resulting contusion to her head and brain, and the negligence of the Defendants ultimately caused damages to Patricia Bridgeman Peoples after the accident and damages to the Plaintiffs' after her death.

15.      Lakeland Nursing and Rehabilitation Center, and its officers, representatives, employees, co-partners, LLC members, nurses, staff members, directors, attendants, agents, and physicians (for which Lakeland Nursing and Rehabilitation Center, a Mississippi limited liability corporation, is responsible pursuant to the laws of Master/Servant, Principal/Agent, Employer/Employee, and respondeat superior) were negligent and their negligence was a contributing proximate cause of Patricia Bridgeman Peoples' fall on September 12, 2011; her pain and suffering; mental anguish and other damages that Patricia Bridgeman Peoples sustained after her fall but before her death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, on Count I of this Complaint for their actual damages sustained by Patricia Bridgeman Peoples before her death and the Plaintiffs' after her death in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

COUNT II

16.     Plaintiffs adopt by reference and reallege each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

17.     The Defendants entered into agreements and/or contracts with the Plaintiffs' decedent or someone on her behalf to provide prompt, skillful and diligent  nursing care and medical care, attention, constant surveillance, non medical treatment, and care and services to Patricia Bridgeman Peoples; to maintain and restore her health to the extent reasonably and medically possible; to perform the care and services to Patricia Bridgeman Peoples in a good and workmanlike manner; to monitor Patricia Bridgeman Peoples at all times; and to exercise care and skill expected of specialists providing care to the disabled, elderly and more particularly to Patricia Bridgeman Peoples.  The Defendants further agreed as a part of their contracts and agreements that they would monitor Patricia Bridgeman Peoples while in the nursing home; provide prompt, skillful and diligent medical and nursing care, attention, constant surveillance, non medical treatment, care and services to Patricia Bridgeman Peoples; to maintain and/or restore her health to the extent reasonably and medically possible; to perform the care and services to Patricia Bridgeman Peoples in a good and workmanlike manner; and to exercise care and skill expected of specialists providing care to the disabled, elderly and more particularly to Patricia Bridgeman Peoples so that Patricia Bridgeman Peoples would not fall, injure herself, aggravate her health and condition or cause her death.

18.     Plaintiffs and Plaintiffs' decedent duly performed all the terms and conditions of the agreements to be performed on their part.

6

19.     On September 12, 2011, the Defendants were in charge and were responsible for the constant and continuous care, treatment and observation of Patricia Bridgeman Peoples at the Lakeland Nursing and Rehabilitation Center.

20.     Defendants, in the course of their care and treatment of Patricia Bridgeman Peoples, breached their contracts and/or agreements by performing the care, treatment, observation in an unworkmanlike, unprofessional and unskilled manner; by injuring and maiming Patricia Bridgeman Peoples; by permanently damaging Patricia Bridgeman Peoples' head and brain; by allowing Patricia Bridgeman Peoples to fall on September 12, 2011; by causing her death; by causing Patricia Bridgeman Peoples pain and suffering; mental anguish and other damages after her fall but before her death; by causing Patricia Bridgeman Peoples to suffer enormous pain, mental anguish, anxiety, loss of joy of life after the accident and before her death; and by causing the Plaintiffs' damages after the death of Patricia Bridgeman Peoples.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, on Count II of this Complaint for their actual damages sustained by Patricia Bridgeman Peoples after her fall on September 12, 2011 and before her death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

COUNT III

21.     Plaintiffs adopt by reference and reallege each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

7

22.     Patricia Bridgeman Peoples, deceased, well before September 12, 2011, was admitted for care and treatment to the nursing home, owned and operated by Lakeland. Lakeland began treating and providing nursing home services to Patricia Bridgeman Peoples and agreed to be responsible for observing, watching and making sure that Patricia Bridgeman Peoples did not fall or cause serious injuries and damages to herself. The Defendants also assumed responsibility for the observation, care, treatment and maintenance of Patricia Bridgeman Peoples and medical and non medical care.

23.     In the course of her care and treatment at Lakeland Nursing and Rehabilitation Center, Patricia Bridgeman Peoples was cared for and treated by the nurses and other staff members who, at all times herein mentioned, were acting within the course and scope of their employment with the Defendant, Lakeland Nursing and Rehabilitation Center. During and after the course of Patricia Bridgeman Peoples' care and treatment on September 12, 2011, Patricia Bridgeman Peoples was left unattended in a wheelchair when it was well known to Lakeland that Patricia Bridgeman Peoples was susceptible to falling. On September 12, 2011, Patsy Wood, (after being concerned about her mother's condition and Defendants' indifference), warned and cautioned the Defendants that Patricia Bridgeman Peoples should not be left unattended and should be observed and monitored at all times. Patsy Wood returned to her home, only to learn once she got home that her mother had fallen and had been taken to St. Dominic's Hospital for examination, evaluation and treatment. Patsy Wood and her family were later informed that Patricia Bridgeman Peoples had fallen and had sustained a large contusion on her head and brain which eventually caused her death, all of which does not happen in the absence of negligence.

8

24.     At all relevant times after Patricia Bridgeman Peoples was admitted to Lakeland Nursing and Rehabilitation Center for treatment, observation, nursing care, and nursing home care, Lakeland was in exclusive control of the body of Patricia Bridgeman Peoples; Patricia Bridgeman Peoples' care and treatment; the type and manner of care and treatment rendered to Patricia Bridgeman Peoples; the procedures used to care for and treat Patricia Bridgeman Peoples; the monitoring of Patricia Bridgeman Peoples; and the routine (non medical) care of Patricia Bridgeman Peoples.

25.     The Defendants were negligent individually and were negligent by virtue of the negligent acts of their employees, agents and representatives since had due care been exercised during Patricia Bridgeman Peoples' treatment, care, observation, routine medical and non medical care no further injury would have occurred to Patricia Bridgeman Peoples' head and brain nor would Patricia Bridgeman Peoples have died as a result of the acts or omissions of the Defendants.

26.     Patricia Bridgeman Peoples, after allegedly being cared for, treated, observed, and after nursing care being provided by Lakeland, sustained a serious and large contusion to her head and brain as a result of the negligence of the Defendants and as a result thereof Patricia Bridgeman Peoples died, a result or event which does not occur in the absence of negligence. The Defendants, therefore, are liable to the Plaintiffs under the theory of *res ipsa loquitur*, and are liable for Patricia Bridgeman Peoples' actual damages and punitive damages.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, on Count III of this Complaint for their actual damages sustained by Patricia Bridgeman Peoples after her fall on September 12, 2011, and before her

9

death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

COUNT IV

27.     Plaintiffs adopt by reference and reallege each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

28.     The Defendants cared for and treated Patricia Bridgeman Peoples without sufficient training, experience and skills and with a conscience disregard and indifference to Patricia Bridgeman Peoples' health, welfare, and condition.  As a direct and proximate result of the conscience disregard for Patricia Bridgeman Peoples' health, welfare and condition the Plaintiffs are entitled to actual damages plus punitive damages in an amount sufficient to deter the Defendants from such oppressive and reckless conduct in the future.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, on Count IV of this Complaint for their actual damages sustained by Patricia Bridgeman Peoples after her fall on September 12, 2011 and before her death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

AD DAMNUM

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, for their actual damages sustained by Patricia Bridgeman Peoples after her fall on September 12, 2011 and before her death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

Respectfully submitted, this the 30 day of August , 2013.

PLAINTIFFS

By: _____
WAYNE E. FERRELL, JR.

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney at Law
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

11

IN THE CIRCUIT COURT OF FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

PATSY WOOD, individually, as Administratrix
of the Estate of PATRICIA BRIDGEMAN
PEOPLES, deceased, Natural Daughter and
Wrongful Death Beneficiary
of PATRICIA BRIDGEMAN PEOPLES;
SANDRA KAY MADISON, Natural Daughter
and Wrongful Death Beneficiary
of PATRICIA BRIDGEMAN PEOPLES;
and SAMUEL PEOPLES, Natural Son
and Wrongful Death Beneficiary
of PATRICIA BRIDGEMAN PEOPLES



**PLAINTIFFS**

V.

NO. 251-13-000807-CIV

LAKELAND NURSING AND
REHABILITATION CENTER, LLC;
BRITTANY SPANN, L.P.N.;
MARY MCGOWAN, L.P.N.;
A. MOORE, L.P.N;
PATRICIA RHODES, L.P.N.;
BARBARA SCOTT, L.P.N.
and DEFENDANTS A THROUGH Z

**DEFENDANTS**

### AMENDED COMPLAINT
Jury Trial Requested

Plaintiffs, by and through their attorney of record, file this their Amended Complaint

against the Defendants and allege the following:

### PARTIES

1.      Plaintiff, Patsy Wood, appears in this case as a Plaintiff (individually, as

Administratrix of the Estate of Patricia Bridgeman Peoples, deceased, as the natural daughter of

Patricia Bridgeman Peoples, deceased and as wrongful death beneficiary of Patricia Bridgeman

Peoples). Patsy Wood is an adult resident citizen of Rankin County, Mississippi whose residence address is 753 Clearmont Dr., Pearl, MS 39208.

2.     Plaintiff, Sandra Kay Madison, appears in this case as a Plaintiff, (individually, as the natural daughter of Patricia Bridgeman Peoples, deceased and as wrongful death beneficiary of Patricia Bridgeman Peoples). Sandra Kay Madison is an adult resident citizen of Alabama whose residence address is 931 Patton Rd., Oneonta, AL 35121.

3.     Plaintiff, Samuel Peoples, appears in this case as a Plaintiff, (individually, as the natural son of Patricia Bridgeman Peoples, deceased and as wrongful death beneficiary of Patricia Bridgeman Peoples). Samuel Peoples is an adult resident citizen of Alabama whose residence address is 310 County Rd. 385, Killen, AL 35645.

4.     Defendant, Lakeland Nursing and Rehabilitation Center, LLC, is a limited liability corporation which is organized and existing under and by virtue of the laws of the State of Mississippi. Lakeland Nursing and Rehabilitation Center is doing business in Mississippi and has appointed United Corporate Services, Inc. as its registered agent for service of process. Lakeland Nursing and Rehabilitation Center has its principal place of business located at 401 East Capitol 100-M Heritage Building, Jackson, Mississippi in the First Judicial District of Hinds County, Mississippi and may be served with process of this Court by serving United Corporate Services, Inc., at its address of 401 East Capitol 100-M Heritage Building, Jackson, MS 39201.

5.     Defendant, Brittany Spann, L.P.N., is an adult resident citizen of the First Judicial District of Hinds County, Mississippi who resides at 501 McDonald Drive, Clinton, MS 39056. Brittany Spann, L.P.N. may be served with process of this Court at 501 McDonald Drive, Clinton, MS 39056.

2

6.      Defendant, Mary McGowan, L.P.N., is an adult resident citizen of the First Judicial District of Hinds County, Mississippi whose address is P. O. Box 9331, Jackson, Mississippi.  Mary McGowan, L.P.N. may be served with process of this Court at her employment address of Lakeland Nursing and Rehabilitation Center, LLC, 3680 Lakeland Ln., Jackson, MS 39216.

7.      Defendant, A  Moore, L.P.N., is an adult resident citizen of the First Judicial District of Hinds County, Mississippi who resides at 1541 Cedar Pine Drive, Jackson, Mississippi.  A  Moore, L.P.N. may be served with process of this Court at 1541 Cedar Pine Drive, Jackson, Mississippi.

8.      Defendant, Patricia Rhodes, L.P.N., is an adult resident citizen of the First Judicial District of Hinds County, Mississippi who resides at 94 North Hill Parkway, Jackson, Mississippi 39206.  Patricia Rhodes, L.P.N. may be served with process of this Court at 94 North Hill Parkway, Jackson, Mississippi 39206.

9.      Defendant, Barbara Scott, L.P.N., is an adult resident citizen of the First Judicial District of Hinds County, Mississippi who resides at 2402 Twisted Oak Drive, Jackson, Mississippi 39212.  Barbara Scott, L.P.N. may be served with process of this Court at 2402 Twisted Oak Drive, Jackson, Mississippi 39212.

10.     The identities of Defendants A through Z are unknown at this time but Defendants A through Z are believed to be entities and/or adult resident citizens of the First Judicial District of Hinds County, Mississippi; resident citizens of Rankin County, Mississippi; and resident citizens of Madison County, Mississippi.  Defendants A through Z are unknown at this time and their liabilities to the Plaintiffs' decedent and to the Plaintiffs are unknown at this time.

3

Plaintiffs intend to amend and add Defendants A through Z as Defendants in this case once their liabilities and responsibilities to the Plaintiffs' decedent and Plaintiffs are ascertained and once their identities are known to the Plaintiffs.

11.     At all relevant times Defendants were acting in concert with each other and as such were and are the agents for each other and liable for each others actions, conduct, errors and omissions pursuant to the laws of Master/Servant, Principal/Agent, Employer/Employee, and respondeat superior.  Defendants were acting in the furtherance of each others' business or interests and as such are responsible and liable for each others' actions, conduct and/or omissions.

12.     Venue is proper in the First Judicial District of Hinds County, Mississippi because five or more Defendants are resident citizens of the First Judicial District of Hinds County, Mississippi and because Lakeland Nursing and Rehabilitation Center LLC has designated the First Judicial District of Hinds County as its principle place of business.

## COUNT I

13.     Plaintiffs adopt by reference and reallege each and every allegation of all paragraphs of this Amended Complaint the same as though specifically set out herein.

14.     On the evening of September 12, 2011, Patricia Bridgeman Peoples, age 77, was left unattended and fell, causing a large contusion to her head and brain. The concussion, contusion and brain injury ultimately caused the death of Patricia Bridgeman Peoples.

15.     Patsy Wood, the natural daughter of Patricia Bridgeman Peoples, was visiting her mother at Lakeland Nursing and Rehabilitation Center and was present at Lakeland Nursing and Rehabilitation Center on the evening of September 12, 2011.  On September 12, 2011, Mrs. Wood was concerned that Lakeland Nursing and Rehabilitation Center, LLC; Brittany Spann,

4

L.P.N.; Mary McGowan, L.P.N.; A. Moore, L.P.N., and other Lakeland Nursing and

Rehabilitation Center's officers, representatives, employees, co-partners, LLC members, nurses,

staff members, directors, attendants, agents, and physicians (hereinafter collectively referred to as

"Lakeland") were not providing proper care to Patricia Bridgeman Peoples; and failed to abide by

standard nursing home procedures by leaving Patricia Bridgeman Peoples unattended later that

evening. On September 12, 2011, when Mrs. Wood observed that her mother was being ignored

by Lakeland and the other Defendants, she reminded Lakeland and the other Defendants that

Patricia Bridgeman Peoples had serious health problems (including but not limited to dementia

and other disabling medical conditions) which made it absolutely necessary that Patricia

Bridgeman Peoples have a vigilant attendant present at all times.

      16.     Lakeland undertook to accept Plaintiffs' decedent, Patricia Bridgeman Peoples as

a nursing home patient; to examine her; to provide constant care for Patricia Bridgeman Peoples;

to watch and observe Patricia Bridgeman Peoples at all times; and to treat and to provide Patricia

Bridgeman Peoples with constant care and attention. Defendants had a duty to care for Patricia

Bridgeman Peoples in a safe and proper manner; had a duty to watch Patricia Bridgeman Peoples

at all times and had a duty to prevent Patricia Bridgeman Peoples from falling out of her chair.

Lakeland committed negligent acts or omissions in failing to properly care for, observe, monitor

and treat Patricia Bridgeman Peoples, deceased, and the Defendants' negligence caused or

allowed Patricia Bridgeman Peoples to fall out of her chair causing her to sustain a large

contusion to her head and caused brain damage which ultimately caused Patricia Bridgeman

Peoples' death.

17.     Patricia Bridgeman Peoples, deceased, while in the care of the Defendants, fell and sustained a large and serious contusion to her head and brain. The fall, the resulting contusion to her head and brain, and the negligence of the Defendants ultimately caused damages to Patricia Bridgeman Peoples after the accident and before her death and damages to the Plaintiffs after her death.

18.     Lakeland Nursing and Rehabilitation Center, and its officers, representatives, employees, co-partners, LLC members, nurses, staff members, directors, attendants, agents, and physicians (for which Lakeland Nursing and Rehabilitation Center, a Mississippi limited liability corporation, is responsible pursuant to the laws of Master/Servant, Principal/Agent, Employer/Employee, and respondeat superior) were negligent and their negligence was a contributing proximate cause of Patricia Bridgeman Peoples' fall on September 12, 2011; her pain and suffering before her death; mental anguish and other damages that Patricia Bridgeman Peoples sustained after her fall but before her death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, on Count I of this Amended Complaint for their actual damages sustained by Patricia Bridgeman Peoples before her death and the Plaintiffs' after her death in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

6

COUNT II

19. Plaintiffs adopt by reference and reallege each and every allegation of all paragraphs of this Amended Complaint the same as though specifically set out herein.

20. The Defendants entered into agreements and/or contracts to provide prompt, skillful and diligent nursing home care and medical care, constant surveillance and attention, non-medical treatment, and care and services to Patricia Bridgeman Peoples; to maintain and restore her health to the extent reasonably and medically possible; to perform care and services to Patricia Bridgeman Peoples in a good and workmanlike manner; to monitor Patricia Bridgeman Peoples at all times; and to exercise care and skill expected of specialists providing care to the disabled, elderly and more particularly to Patricia Bridgeman Peoples. The Defendants further agreed as a part of their contracts and agreements that they would monitor Patricia Bridgeman Peoples while in the nursing home; provide prompt, skillful and diligent medical and nursing care, constant surveillance and attention, non-medical treatment, and care and services to Patricia Bridgeman Peoples; to maintain and/or restore her health to the extent reasonably and medically possible; to perform care and provide services to Patricia Bridgeman Peoples in a good and workmanlike manner; and to exercise care and skill expected of specialists providing care to the disabled, elderly and more particularly to Patricia Bridgeman Peoples so that Patricia Bridgeman Peoples would not fall, injure herself, aggravate her health and/or cause her death.

21. Plaintiffs and Plaintiffs' decedent duly performed all the terms and conditions of the agreements to be performed on their part.

7

22.    On September 12, 2011, the Defendants were in charge and were responsible for the constant and continuous care, treatment and observation of Patricia Bridgeman Peoples at the Lakeland Nursing and Rehabilitation Center.

23.    Defendants, in the course of their care and treatment of Patricia Bridgeman Peoples, breached their contracts and/or agreements by performing the care, treatment, observation of Patricia Bridgeman Peoples in an unworkmanlike, unprofessional and unskilled manner; by injuring and maiming Patricia Bridgeman Peoples; by permanently damaging Patricia Bridgeman Peoples' head and brain; by allowing Patricia Bridgeman Peoples to fall on September 12, 2011; by causing her death; by causing Patricia Bridgeman Peoples pain and suffering, mental anguish, and other damages after her fall but before her death; by causing Patricia Bridgeman Peoples to suffer pain, mental anguish, anxiety, loss of joy of life after the accident but before her death; and by causing the Plaintiffs' damages after the death of Patricia Bridgeman Peoples.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, on Count II of this Amended Complaint for their actual damages sustained by Patricia Bridgeman Peoples after her fall on September 12, 2011 and before her death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

8

## COUNT III

24.     Plaintiffs adopt by reference and reallege each and every allegation of all paragraphs of this Amended Complaint the same as though specifically set out herein.

25.     Patricia Bridgeman Peoples, deceased, well before September 12, 2011, was admitted for care and treatment to the nursing home, owned and operated by Lakeland and the other Defendants.  Lakeland and the other Defendants began treating and providing nursing home services to Patricia Bridgeman Peoples and agreed to be responsible for observing, watching and making sure that Patricia Bridgeman Peoples did not fall or cause serious injuries and damages to herself. The Defendants also assumed responsibility for the observation, care, treatment and maintenance of Patricia Bridgeman Peoples and medical and non medical care.

26.     In the course of her care and treatment by the Defendants at Lakeland Nursing and Rehabilitation Center, Patricia Bridgeman Peoples was admitted for nursing home care and was scheduled to be treated by the nurses and other staff members who, at all times herein mentioned, were acting within the course and scope of their employment with the Defendant, Lakeland Nursing and Rehabilitation Center.  During and after the course of Patricia Bridgeman Peoples' alleged care and treatment on September 12, 2011, Patricia Bridgeman Peoples was left unattended in a wheelchair when it was well known to Lakeland and the Defendants that Patricia Bridgeman Peoples was susceptible to falling.  On September 12, 2011, Patsy Wood, (after being concerned about her mother's condition and Defendants' indifference), warned and cautioned the Defendants that Patricia Bridgeman Peoples should not be left unattended and should be observed and monitored at all times.  Patsy Wood returned to her home, only to learn, once she got home, that her mother had fallen and had been taken to St. Dominic's Hospital for emergency

9

examination, evaluation and treatment. Patsy Wood and her family were later informed that Patricia Bridgeman Peoples had fallen and had sustained a large contusion on her head and brain which eventually caused her death, all of which does not happen in the absence of negligence.

27.     At all relevant times after Patricia Bridgeman Peoples was admitted to Lakeland Nursing and Rehabilitation Center for treatment, observation, nursing care, and nursing home care, and Lakeland and the other Defendants were in exclusive control of Patricia Bridgeman Peoples; Patricia Bridgeman Peoples' care and treatment; the type and manner of care and treatment rendered to Patricia Bridgeman Peoples; the procedures used to care for, observe, monitor and treat Patricia Bridgeman Peoples; the monitoring of Patricia Bridgeman Peoples; and the routine (non-medical) care of Patricia Bridgeman Peoples.

28.     The Defendants were negligent individually and were negligent by virtue of the negligent acts of their employees, agents and representatives since had due care been exercised during Patricia Bridgeman Peoples' treatment, care, observation, routine medical and non-medical care no further injury would have occurred to Patricia Bridgeman Peoples' head and brain nor would Patricia Bridgeman Peoples have died as a result of the acts or omissions of the Defendants.

29.     Patricia Bridgeman Peoples, while under the medical care, observation and nursing home care provided by Lakeland and the Defendants, sustained a serious and large contusion to her head and brain as a result of the negligence of the Defendants and as a result thereof Patricia Bridgeman Peoples died, the resulting events and damages to Patricia Bridgeman Peoples does not occur in the absence of negligence. The Defendants, therefore, are liable to the Plaintiffs

10

under the theory of *res ipsa loquitur*, and are liable for Patricia Bridgeman Peoples' actual damages and punitive damages.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, on Count III of this Amended Complaint for their actual damages sustained by Patricia Bridgeman Peoples after her fall on September 12, 2011, and before her death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

## COUNT IV

30.     Plaintiffs adopt by reference and reallege each and every allegation of all paragraphs of this Amended Complaint the same as though specifically set out herein.

31.     The Defendants were scheduled to care for and treat Patricia Bridgeman Peoples but did so without training, experience and skills and with a conscience disregard and indifference to Patricia Bridgeman Peoples' health, welfare, and condition.  As a direct and proximate result of the conscience disregard for Patricia Bridgeman Peoples' health, welfare and condition the Plaintiffs are entitled to actual damages plus punitive damages in an amount sufficient to deter the Defendants from such oppressive and reckless conduct in the future.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, on Count IV of this Amended Complaint for their actual damages sustained by Patricia Bridgeman Peoples after her fall on September 12, 2011 and before

11

her death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

COUNT V

32.    Plaintiffs adopt by reference and reallege each and every allegation of all paragraphs of this Amended Complaint the same as though specifically set out herein.

33.    Defendant, Lakeland nursing and Rehabilitation Center, LLC, was negligent, among other things, in failing to have in place adequate procedures for hiring qualified employees; failing to properly train their employees; failing to observe, evaluate and critique employees on a continuing basis; failing to have an adequate training program; failing to adequately and professionally monitor its employees' development and activities; failing to have an adequate safety program and in all respects failing to perform duties and responsibilities required of companies providing safety and security.

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendants, jointly and severally, on Count V of this Amended Complaint for their actual damages sustained by Patricia Bridgeman Peoples after her fall on September 12, 2011 and before her death and the Plaintiffs' damages after the death of Patricia Bridgeman Peoples in a sum that is adequate to compensate them for the injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest and all costs.

12

## AD DAMNUM

WHEREFORE PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the

Defendants, jointly and severally, for their actual damages sustained by Patricia Bridgeman

Peoples after her fall on September 12, 2011 and before her death and the Plaintiffs' damages

after the death of Patricia Bridgeman Peoples in a sum that is adequate to compensate them for the

injuries and damages to Patricia Bridgeman Peoples and to the Plaintiffs; punitive damages in a

sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future;

post judgment interest; prejudgment interest and all costs.

Respectfully submitted, this the _6TH_ day of _SEPTEMBER_, 2013.

PLAINTIFFS

By: _____
    WAYNE E. FERRELL, JR.

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney at Law
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

13